**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240399-U

Order filed September 23, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0399 Circuit No. 23-CF-402 |
| KENNETH C. MURRELL, | ) ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Holdridge and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The court did not err in detaining defendant or in considering his motion for relief 35 days after filing.

¶ 2    Defendant, Kenneth C. Murrell, appeals from the Kankakee County circuit court's detention order arguing that the State failed to meet its burden of showing that conditions of release would not mitigate any danger he posed and the court erred in considering his motion for relief 35 days after filing. We affirm.

I. BACKGROUND

¶ 4        In July 2023, defendant was indicted with criminal sexual assault (Class 1) (720 ILCS 5/11-1.20(a)(1) (West 2022)). Defendant's bond was initially set at $150,000, but he remained in custody. In May 2024, defendant filed a motion seeking pretrial release. In response, the State filed a verified petition to deny pretrial release, alleging defendant was charged with a detainable offense, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a) (West 2022)).

¶ 5        A hearing was held on May 8, 2024. The State provided the factual basis, indicating that officers were called for reports of a sexual assault on June 16, 2023. When the officers arrived, they spoke with the victim, Helen G. Helen stated that defendant was her ex-boyfriend. She invited defendant to her house because defendant had intimate photographs of her on his cell phone that she wanted him to delete. Defendant entered her bedroom, sat on the bed, and acted like he was deleting the photographs. Helen did not believe defendant was deleting the photographs so she took his cell phone. She saw that defendant had not deleted them, and she began to do so. Defendant then tried to touch her breast and remove her shirt. Helen told him to stop. Defendant then pushed her down on the bed, held her down, and lifted her skirt up. Defendant penetrated her vagina with his penis, "ejaculate[d] inside of her," and then left. Helen went to the hospital and submitted to a sexual assault kit. The vaginal swab was taken to the state police crime laboratory, and the DNA was identified as belonging to defendant. Defendant was apprehended later that day and stated that he did not know who Helen was and did not touch her.

¶ 6        The State indicated that defendant's criminal history included two Class X felony convictions. In 2011, defendant was convicted of manufacturing and delivering a controlled

substance within a school zone and was sentenced to 18 years' imprisonment. He was also previously convicted of predatory criminal sexual assault of a child. He had also failed to register as a sex offender in 2010. Defendant testified that he had a bone protruding through his left shoulder that he needed to have surgery on. Defense counsel stated that it was defendant's position that the sexual encounter was consensual. Counsel stated that defendant would comply with any conditions placed on him.

¶ 7        The court found that the State met its burden by clear and convincing evidence. In doing so it stated, in pertinent part, "I don't believe there's any condition or combination that can mitigate the real and present threat. As I said, he's already a registered sex offender and has a predatory criminal sexual assault." On May 10, 2024, defendant filed a motion for relief. Counsel's notice of filing and hearing to the State indicated that the hearing would be held on June 14, 2024. After the hearing, the court denied the motion.

¶ 8                                    II. ANALYSIS

¶ 9         On appeal, defendant contends that the court erred in (1) granting the petition to detain where the State failed to meet its burden of showing that conditions of release would not mitigate any danger he posed and (2) failing to "promptly hear and decide the motion for relief." We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Mikolaitis*, 2024 IL App (3d) 230791, ¶ 9. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*

¶ 10        Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of

3

proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). "When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider." *People v. Boaz*, 2024 IL App (3d) 240014-U, ¶ 12.

¶ 11        We find that the court did not err in finding that there were no conditions to mitigate the threat defendant posed. The statute provides factors the court can consider when considering the conditions of release, and the State presented evidence of such factors, including the nature and circumstances of the offense and the history and characteristics of defendant. See 725 ILCS 5/110-5 (West 2022). Defendant had committed a similar prior offense and had a history of failing to register, thus showing that he may not follow edicts of the court. Taking the evidence before us, we cannot say the court's decision to detain defendant was an abuse of discretion.

¶ 12        Defendant further argues that the court did not consider his motion for relief "promptly." Illinois Supreme Court Rule 604(h)(2) states, "[t]he trial court shall promptly hear and decide the motion for relief." Defendant argues that, since 35 days had elapsed before the court held a hearing on the motion, the court did not act "promptly."

¶ 13        We need not determine whether 35 days was prompt under the statute. Our review of the record shows that defense counsel filed the motion for relief on May 10, 2024. In counsel's notice to the State, he indicated that he was setting the case for hearing on June 14, 2024. Under the doctrine of invited error, "a party may not request the court to proceed in one manner and then argue on appeal that the requested action was error." *People v. Liekis*, 2012 IL App (2d) 100774, ¶ 24. "The rationale for the doctrine is that it would be unfair to grant a party relief based on error

that she introduced into the proceedings." *Id.* Here, defense counsel specifically asked that his motion be heard on June 14, 2024. Defendant cannot now argue that it was error for the court to hold the hearing on the date requested.

¶ 14　　　　Nonetheless, we would be remiss if we did not note that the supreme court has not placed a timeframe on the court's hearing on a motion for relief. Had the supreme court or the legislature sought to require the court to hold the hearing within a certain time, they would have done so, as they did in other portions of the rules and statute pertaining to detention hearings. See Ill. S. Ct. R. 604(h)(5), (8) (requiring the record be filed within 30 days and the appellate court issue a decision within 100 days); 725 ILCS 5/110-6.1(c)(2) (West 2022) (requiring the court consider detention within 24 or 48 hours).

¶ 15　　　　　　　　　　　　　　　III. CONCLUSION

¶ 16　　　　The judgment of the circuit court of Kankakee County is affirmed.

¶ 17　　　　Affirmed.